Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DAVID LAMPKIN,


 Appellant,


v.


WANDA L. WOODEN,


 Appellee.

§


§


§


§


§

No. 08-02-00125-CV


Appeal from the


318th District Court


of Midland County, Texas


(TC# FM31,311)


MEMORANDUM OPINION



 In this appeal, David Lampkin challenges the trial court's refusal to order genetic
testing to determine the parentage of two children. We affirm.

Factual and Procedural Background

 In 1996, the Attorney General's Office initiated a child support review action
regarding the two children. On August 1, 1996, Wanda L. Wooden, the children's
mother, appeared at a negotiation conference and agreed to the confirmation of a child
support review order. Lampkin, although duly notified, did not appear. The child support
review order states that Lampkin is the biological father of the children. On August 8,
1996, the Attorney General filed a petition to confirm the order. This petition was served
on Lampkin, in prison, on September 13, 1996. On November 6, 1996, the trial court
signed an "Order Confirming Child Support Review Order." The order recites, "No
request for a hearing regarding confirmation of the Child Support Review Order was
made in the time and manner permitted by law." The court therefore confirmed the order. 
The record does not reflect that this order was appealed.

 In February 2002, Lampkin, acting pro se, filed a pleading requesting genetic
testing to "identify" the father of the children. The court refused this request. We
liberally construe Lampkin's pleading as a petition to adjudicate the parentage of the
children. See Tex. Fam. Code Ann. § 160.601(a) (Vernon 2002). We construe the trial
court's order as a dismissal of the action.

Discussion

 A proceeding to adjudicate parentage is governed by the Uniform Parentage Act. 
See id. §§ 160.001-160.707. The Act establishes deadlines for various individuals to
adjudicate parentage. See, e.g., id. §§ 160.606, 160.607, 160.609. The Act defines
"adjudicated father" as "a man who has been adjudicated by a court to be the father of a
child." Id. § 160.102(1). Based on the 1996 child support review order, Lampkin is an
"adjudicated father." The Act does not contain any provision allowing an adjudicated
father to commence a proceeding to re-adjudicate parentage. Therefore, the trial court did
not err by refusing to entertain Lampkin's suit.


 Lampkin argues on appeal that the trial court's order violated his right to due
process. We disagree. The record reflects that Lampkin had an opportunity to litigate
paternity in the 1996 child support review action. Under the law in effect then, if
Lampkin had filed an objection to confirmation of the child support review order, the
court would have been required to conduct a de novo hearing on the issue of paternity. 
Act of June 8, 1995, 74th Leg., R.S., ch. 341, § 2.04, 1995 Tex. Gen. Laws 2849, 2858. 
The record reflects that Lampkin was served with a copy of the Attorney General's
petition for confirmation, and that he did not file any response to the petition. The law in
effect in 1996 also provided that confirmation of the order constituted a final order. But
the record does not reflect that any appeal was filed. Id. § 2.04, 1995 Tex. Gen. Laws at
2859.

 Lampkin does not assert, and the record does not reflect, that there was any defect
in the process followed in the 1996 child support review action. Therefore, based on the
record before us, we conclude that Lampkin received all the process he was due. See
Purcell v. Bellinger, 940 S.W.2d 599, 602 (Tex. 1997) ("A state has the right to impose
reasonable parameters on suits to establish paternity."); cf. Sysco Food Servs. v. Trapnell,
890 S.W.2d 796, 802 (Tex. 1994) ("To satisfy the requirements of due process, it is only
necessary that the party against whom the doctrine [of collateral estoppel] is asserted was
a party or in privity with a party in the first action.").


Conclusion

 The order of the trial court is affirmed.


 SUSAN LARSEN, Justice

February 20, 2003


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.